UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH PALIFKA,<br>    *Plaintiff*, | )<br>) CASE NO. 3:23-CV-101 (KAD)<br>) |
| v. | )<br>) |
| FISCHER PROPERTY GROUP, LLC,<br>UNITED STATES OF AMERICA, and<br>WILLI SCHMIDT d/b/a WILLI SCHMIDT<br>PROPERTY MAINTENANCE,<br>    *Defendants*. | )<br>)<br>) SEPTEMBER 12, 2025<br>)<br>) |

**MEMORANDUM OF DECISION**
**DEFENDANT USA'S MOTION TO DISMISS (ECF NO. 65)**

Kari A. Dooley, United States District Judge:

This civil action arises from a slip and fall accident involving Plaintiff Kenneth Palifka that occurred on January 28, 2021 outside of the United States Post Office location at 545 Main Street in New Hartford, Connecticut (hereinafter, the "Premises"). Named as Defendants are the United States of America ("USA") (as operator of the post office located on the Premises); Fischer Property Group, LLC ("Fischer") (as owner and landlord of the Premises); and Willi Schmidt d/b/a Schmidt Property Maintenance ("Schimdt") (as provider of snow and ice removal and treatment services for the Premises). Now pending before the Court are: (1) Defendant USA's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or alternatively, for Summary Judgment; (2) Defendant Fischer's Motion for Summary Judgment; and (3) Defendant Schmidt's Motion for Summary Judgment. For the reasons that follow, Defendant USA's Motion to Dismiss is **GRANTED** and, lacking original jurisdiction over any remaining claims, this case is remanded to the Superior Court for the Judicial District of Litchfield for adjudication of the state law claims against Defendant Fischer and Defendant Schmidt.

**Procedural History**

On March 16, 2023, Plaintiff filed the operative Second Amended Complaint ("SAC"), sounding in three distinct tort claims against Defendants Fischer, USA, and Schmidt, respectively. SAC, ECF No. 22.  Plaintiff alleged that Defendants were each liable for the injuries he suffered on January 28, 2021, when he slipped and fell on a patch of ice while stepping off of a covered walkway on the Premises.  *See id.*  On March 31, 2023, Defendant Fischer filed its Answer to the SAC and asserted crossclaims against Defendants Schmidt and USA.  ECF No. 26.  On April 14, 2023, Defendant USA filed its Answer to the SAC and Defendant Fischer's crossclaims, and asserted crossclaims of its own against Defendants Schmidt and Fischer.  ECF No. 28.  On May 15, 2023, Defendant Schmidt filed its Answer to SAC and to Defendants USA and Fischer's crossclaims, and asserted crossclaims of its own against Defendants USA and Fischer.

On November 15, 2024, the parties filed the instant Motions to Dismiss and/or for Summary Judgment.  ECF No. 64–66.  The parties' various opposition briefs were filed on February 4, 2025, February 7, 2025, February 10, 2025, and February 11, 2025.  ECF Nos. 81–86, 88–89.  Reply briefs were filed on March 14, 2025.  ECF Nos. 92–97, 101–103.

**Facts**

The relevant facts are taken from the parties' respective Local Rule 56(a)1 Statements and attached exhibits, as well as the parties' Local Rule 56(a)2 Statements and attached exhibits.[1]  All the facts set forth herein are undisputed unless otherwise indicated.[2]

---

[1] As set forth below, the Court is precluded from exercising supplemental jurisdiction over Plaintiff's claims against Defendants Fischer and Schmidt.  Thus, the Court herein only recites the facts material to its determination that Plaintiff's claim against Defendant USA is barred by the FTCA's discretionary function exception.

[2] Plaintiff's Local Rule 56(a)2 Statements submitted in response to the various Motions for Summary Judgment are improper insofar as they summarily deny certain material facts without any citation to the evidentiary record.  Indeed, all denials of a purported material fact must be followed by a specific citation to the record evidence.  *See* D. Conn. L. Civ. R. 56(a)3.  Nevertheless, to the extent the Court's decision herein does not rely on any of the factual assertions that Plaintiff purports to dispute, Plaintiff's errors are immaterial and the Court need not deem those facts admitted.

The United States Postal Service ("USPS") operates a post office in New Hartford, Connecticut (hereinafter, the "NHPO"), which is located on the Premises and is leased from Defendant Fischer. USA 56(a)1 at ¶¶ 1–4.  In January 2021, the business hours at the NHPO were 8:30am to 5:00pm. *Id.* at ¶ 5.  The Postmaster of the NHPO was Joanne Hunt. *Id.* at ¶ 14.  Under applicable USPS policy as set forth in Section 126.43 of the Postal Operations Manual ("POM"), at the postmaster's discretion, postal facility lobbies may remain open 24 hours a day to allow customers access to PO Boxes and self-service equipment, provided that customer safety and security provisions are deemed adequate by the Inspection Service. *See id.* at ¶ 7.  The NHPO provided such 24-hour access to private PO boxes, which were accessible in the lobby, through the front entrance of the building. *Id.* at ¶ 6.  Pursuant to Section 8-15.2 of the USPS Supervisor's Safety Handbook, postmasters "must establish snow and ice removal plans where necessary," paying "particular attention to areas where customers and other pedestrians may slip and fall"; [p]rovide for reinspection and cleaning as often as necessary to handle drifting snow and refreezing"; and "[e]ncourage employees to help provide safe walking and driving surfaces on Postal Services premises by reporting icy and otherwise dangerous spots." *See id.* at ¶ 8.

Plaintiff has a PO box at the NHPO. *Id.* at ¶ 32.  On January 28, 2021, at approximately 7:20am, Plaintiff visited the NHPO. *Id.* at ¶ 49.  Plaintiff parked his car, walked to the front entrance of the NHPO, went into the 24-hours access lobby to drop mail and pickup mail from his PO box, and left to return to his vehicle. *Id.* at ¶¶ 50.  Plaintiff exited the NHPO and proceeded along the covered walkway leading away from the entrance of the NHPO. *Id.* at ¶ 51.  When Plaintiff reached the end of the covered walkway and stepped off, he slipped and fell on what he believed was a patch of ice. *Id.* at ¶¶ 51, 55.  Plaintiff's fall occurred before the NHPO opened for business. *Id.* at ¶ 54.

**Standard of Review**

The standard that governs a motion to dismiss under Rule 12(b)(1) is well established. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Furthermore, because a Rule 12(b)(1) motion concerns the Court's subject matter jurisdiction—a threshold issue—it must be addressed before other arguments for dismissal. *See U.S. Bank Nat'l Assoc. v. 1078 Whillmore LLC*, 740 F. Supp. 3d 157, 166 (E.D.N.Y. 2024) (quoting *U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993)); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (4th ed.) ("[T]he cases are legion stating that the district court should consider [a] Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge."). Importantly, on a Rule 12(b)(1) motion, the Court may consider evidence outside the pleadings to resolve disputed jurisdictional facts without converting the motion into one for summary judgment. *See Makarova*, 201 F.3d at 113; *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016).

**Discussion**

<u>The FTCA and the Discretionary Function Exception</u>

It is long established that the United States or its employees and agencies cannot be sued without the consent of the sovereign. *See Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The Federal Tort Claims Act ("FTCA") provides such consent and acts as a "limited waiver" of the United States' sovereign immunity. *See Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007). The FTCA provides

4

the sole avenue for relief arising from torts committed by agents of the United States in the course of their employment. *See* 28 U.S.C. § 2679(b)(1). Specifically, the FTCA provides, in pertinent part, that:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

However, not all actions sounding in tort may be brought against the United States. Indeed, 28 U.S.C. § 2680(a), commonly known as the "discretionary function exception," excepts from the FTCA's application:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The discretionary function exception is "a form of retained sovereign immunity" which acknowledges that the FTCA's "waiver of federal sovereign immunity does not encompass actions based upon the performance of, or failure to perform, discretionary functions." *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 190 (2d Cir. 2008). "Over the last [four] decades, the Supreme Court has handed down a series of decisions clarifying the scope of the [discretionary function exception]. Most notably, the Court's decisions in *Berkovitz v. United States*, 486 U.S. 531 (1988), and *United States v. Gaubert*, 499 U.S. 315 (1991), establish the framework for evaluating whether particular governmental conduct falls under the [discretionary function exception]." *Coulthurst v. United States*, 214 F.3d 106, 108–09 (2d Cir. 2000) (cleaned up). Under

5

what is known as the "*Berkovitz/Gaubert* test," "[t]he exception applies only if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an element of judgment or choice and are not compelled by statute or regulation; and (2) the judgment or choice in question must be grounded in considerations of public policy or susceptible to policy analysis." *Reichhart v. United States*, 408 F. App'x 441, 443 (2d Cir. 2011) (summary order) (citing *Coulthurst*, 214 F.3d at 109).

"Because plaintiffs bear the initial burden of showing that their claims against the United States fall within the FTCA's limited waiver of sovereign immunity, plaintiffs also bear the initial burden of showing that their claims are not barred by the discretionary function exception." *Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021). Additionally, "[b]ecause the FTCA is structured as a grant of subject matter jurisdiction to the federal courts, a finding that the discretionary function exception applies is tantamount to holding that the court lacks jurisdiction." *Caban v. United States*, 671 F.2d 1230, 1235 n. 5 (2d Cir. 1982) (internal citations omitted).

In seeking dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant USA argues that Plaintiff's claim against it is barred by the discretionary function exception of the FTCA. In response, Plaintiff, as well as Defendants Fischer and Schmidt (collectively, the "Opposing Parties"), contend that their claims and crossclaims are not barred by the FTCA's discretionary function, because: (1) there is a genuine dispute of fact as to whether Postmaster Hunt actually possessed the requisite discretion for Defendant USA to invoke the exception; (2) even if she did, the relevant discretionary decision is not grounded in social, economic, and political policy; and (3) the discretionary function exception otherwise does not apply in this "garden variety" tort case. The Court has considered all of the parties' arguments, and agrees with Defendant USA.

The Premises, POM 126.43, and 24-Hour Access

As relevant here, the salient facts are undisputed. On January 28, 2021, Joanne Hunt was the Postmaster of the NHPO. The applicable policy set forth in POM § 126.43 provides that "[a]t the postmaster's discretion, lobbies may remain open 24 hours a day to allow customers access to PO Boxes and self-service equipment, provided that customer safety and security provisions are deemed adequate by the Inspection Service." At Postmaster's Hunt's direction, the NHPO provided 24-hour access to private PO boxes, which were accessible in the lobby, through the front entrance. On January 28, 2021, Plaintiff arrived at the Premises before the NHPO opened for business, and went into the 24-hour access lobby to drop mail and pickup mail from his PO box. Plaintiff exited the NHPO, and while stepping off of the covered walkway leading to the parking lot, he slipped and fell on what he believed was a patch of ice. Based on these undisputed facts, the Court concludes that the discretionary function exception is applicable here, and that therefore, the Court lacks subject matter jurisdiction.

Before the Court can apply the two-part *Berkovitz*/*Gaubert* test, it must first identify the "conduct at issue." The Opposing Parties contend that the applicable conduct at issue is Postmaster Hunt's failure to maintain and/or repair a defective gutter or downspout outside of the NHPO, conduct which is not, they posit, discretionary in nature.[3] Not so. Here, the relevant conduct is Postmaster Hunt's decision to provide 24-hour access to the lobby of the NHPO, which in turn, led to Plaintiff's off-hours slip-and-fall on January 28, 2021. The Court does not write on a blank

---

[3] Though the Court does not herein address Plaintiff's state law tort claims against Defendant Fischer and Defendant Schmidt, it nevertheless observes that the defective condition at the premises with respect to which a defendant must have notice, whether actual or constructive, must be "of the *very defect which occasioned the injury* and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." *Kelly v. Stop & Shop, Inc.*, 281 Conn. 768, 776 (2007) (emphasis added). Thus, the faulty gutter and/or downspout outside of the NHPO does not appear to be the applicable "defective condition" for purposes of any premises liability claim. Rather, the defective condition was the ice on the walkway.

7

slate. Other courts in similar slip-and-fall cases, where the accident occurred when the post office was closed, have consistently held that the relevant decision is the postmaster's choice to keep the lobby open after-hours, not the USPS's duty to warn of hazardous conditions and/or duty to inspect or maintain the premises. *See, e.g.*, *Bonebrake v. United States*, No. 19-CV-1639 (RAJ), 2021 WL 4844717, at *2 (W.D. Wash. Oct. 18, 2021); *Ferguson v. United States*, No. 19-CV-340 (PX), 2021 WL 3288359, at *4 (D. Md. Aug. 2, 2021); *Cronin v. United States*, No. 18-CV-573 (DRH), 2020 WL 5040597, at *4 (E.D.N.Y. Aug. 26, 2020); *Krey v. Brennan*, No. 15-CV-3800 (DKC), 2017 WL 2797491, at *4 n.2 (D. Md. June 28, 2017), *aff'd sub nom. Krey v. United States*, 734 F. App'x 203 (4th Cir. 2018); *see also Hogan v. U.S. Postmaster Gen.*, 492 F. App'x 33, 35 (11th Cir. 2012) (rejecting the plaintiff's characterization of the relevant conduct as "too narrow," and confirming that the proper "conduct at issue here is the postmaster's decision to maintain twenty-four hour customer access to the Post Office lobby") (internal quotation marks omitted). The Court sees no sound reason to deviate from this consensus.[4]

Turning to the first prong of the *Berkovitz*/*Gaubert* test, the Court concludes that the challenged act or omission did not violate a mandatory regulation or policy allowing no judgment

---

[4] There is one notable outlier regarding this determination: *Fikani v. United States*, No. 19-CV-64 (SEH), 2021 WL 2000298 (D. Mont. May 19, 2021). There, the district court concluded that the discretion afforded to postmasters under POM § 126.43 to allow 24-hour lobby access carries a resulting, non-discretionary duty to "always maintain a dry area for pedestrian traffic." *Id.* at *2. The court in *Fikani* further found that even if the foregoing duty was considered discretionary, it is not grounded in social, economic, and political policy. *Id.* Nevertheless, *Fikani* is just that – an outlier. And other courts have rejected the determination made in that case. *See Bonebrake*, 2021 WL 4844717 at *3 (finding the reasoning in *Fikani* to be "fundamentally flawed," "incompatible with the discretion accorded by POM § 126.43 to keep lobbies perpetually open," and "constitut[ing] the kind of judicial second-guessing that the discretionary function exemption was designed to prevent") (internal quotation marks omitted); *DiBease v. United States*, No. 22-CV-5931 (CPO), 2023 WL 6058874, at *6 (D.N.J. Sept. 18, 2023) (agreeing with *Bonebrake*'s rejection of *Fikani*), *aff'd*, No. 23-2779, 2024 WL 4234640 (3d Cir. Sept. 19, 2024). This Court is persuaded by the reasoning in *Cronin*, *Krey*, *Bonebrake*, and others, and therefore declines to follow the rationale in *Fikani*. Moreover, the Court further observes that even if the conduct at issue included Postmaster Hunt's decision on how to maintain the sidewalks outside the NHPO even after-hours, courts have determined that this too, is a discretionary decision. *See, e.g.*, *DiBease*, 2023 WL 6058874 at *4 (citing the Supervisor's Safety Handbook and concluding that "[t]he postmaster's decision to not remove snow and ice on the sidewalk outside of business hours is [] discretionary"); *Williams v. United States*, No. 18-CV-21 (JPJ), 2018 WL 5077652, at *3 (W.D. Va. Oct. 18, 2018).

or choice. *See Coulthurst*, 214 F.3d at 109. In other words, Postmaster Hunt's decision to keep the lobby of the NHPO open after-hours was discretionary – indeed, expressly so. *See* POM § 126.43 (allowing 24-hour access is "at the postmaster's discretion"). For this reason, courts across the country have consistently held that a postmaster's decision to provide 24-hour access to PO boxes falls within the FTCA's discretionary function exception and cannot form the basis for a claim against the United States. *See, e.g.*, *Bonebrake*, 2021 WL 4844717; *Ferguson*, 2021 WL 3288359; *Cronin*, 2020 WL 5040597; *Krey*, 2017 WL 2797491.

The Opposing Parties argue that POM § 126.43 is conditional, and only permits the postmaster's use of discretion if "customer safety and security provisions are deemed adequate by the Inspection Service." From there, they assert that nothing in the record evidence demonstrates that the Inspection Service deemed that customer safety and security provisions were adequate at the NHPO. The Court is not persuaded. The Inspection Service is the law enforcement, crime prevention, and security arm of the USPS, and clearly does not bear any responsibility for custodial decisions like the one involved in this case. Indeed, "nothing about the POM suggests that it mandates the specific procedures for wet floor maintenance [or outside sidewalk maintenance] maintained in the Postal Service Maintenance Handbook." *Cronin*, 2020 WL 5040597 at *4 (citation and alteration omitted); *see also Krey*, 2017 WL 2797491 at *4 n.2 (recognizing that the USPS Maintenance Handbook "is produced by a separate USPS entity," and that "[t]he Inspection Service therefore does not appear to have any bearing on custodial decisions"). Moreover, the Opposing Parties do not cite any authority which might support their interpretation of POM § 126.43. In fact, perhaps as a belt and suspenders approach, Defendant USA submitted evidence in its reply revealing that in 2020, the Inspection Service did conduct a review of the NHPO and had deemed its safety and security provisions adequate. *See* USA Reply, ECF No. 95, at 4–5. So

9

even accepting the Opposing Parties' reading of the POM (which the Court has rejected), the argument is defeated as a factual matter.

The second prong of the *Berkovitz*/*Gaubert* test has also been met.  The purpose of this prong is to prevent the courts from "second-guessing" decisions "grounded in social, economic, and political policy through the medium of an action in tort." *Ferguson*, 2021 WL 3288359 at *3 (citing *Gaubert*, 499 U.S. at 323).  In other words, the "day-to-day operational decisions of government [employees] are entitled to immunity under the FTCA so long as the choices are 'susceptible to policy analysis.'" *Smith v. Wash. Metro Area Transit Auth.*, 290 F.3d 201, 209 (4th Cir. 2002) (quoting *Gaubert*, 499 U.S. at 325).  Here, this Court concludes, as others have, that "the decision to leave the lobby open is an operational decision that requires an evaluation of the costs to the government and the benefit to the community," and is one that "inherently involves the exercise of political, social, or economic judgment." *Krey*, 2017 WL 2797491 at *5 (citing *Smith*, 290 F.3d at 209); *see also Williams*, 2018 WL 5077652 at *3 ("The postmaster's decisions regarding public access to post office boxes after hours . . . require an evaluation of this direction, along with the convenience to the public, safety of federal property for visitors, budgetary concerns regarding paying snow-removal staff, and paying employees to staff the Post Office . . . during hours which would otherwise experience minimal postal-patron traffic.") (internal alterations and citation omitted).

The Opposing Parties (Defendant Schmidt, in particular) assert that this is a "garden-variety tort case" and that the discretionary function exception should not be given such a broad construction as to frustrate the purpose of the FTCA.  Once again, the Court is not persuaded. First, the cases relied upon in support of this position are factually inapposite, insofar as they involved slip-and-falls at a TSA checkpoint (*Menkin v. United States*, 99 F. Supp. 3d 577 (E.D.

Pa. 2015)) and at an army base (*Bolt v. United States*, 509 F.3d 1028, 1034 (9th Cir. 2007). Moreover, the Opposing Parties ignore the factually *identical* cases cited by Defendant USA (and relied upon herein), whereby after-hours slip-and-falls at postal facilities were subject to the discretionary function exception. As such, the Opposing Parties have failed to meet their burden of showing that Postmaster Hunt's decision was not grounded in considerations of public policy or otherwise susceptible to policy analysis. *Cangemi*, 13 F.4th at 130.

For the foregoing reasons, both prongs of the *Berkovitz*/*Gaubert* test have been met and the discretionary function exception bars all claims and crossclaims against Defendant USA. Thus, Defendant USA's Motion to Dismiss is **GRANTED**.[5]

### FISCHER AND SCHMIDT'S MOTIONS FOR SUMMARY JUDGMENT

With Plaintiff's FTCA claim dismissed pursuant to Rule 12(b)(1), the Court is precluded from exercising supplemental jurisdiction over the remaining state law claims against Defendants Fischer and Schmidt. It is well-settled that "[w]here a district court dismisses all federal claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure, . . . the district court is *precluded* from exercising supplemental jurisdiction over the remaining state-law claims." *Cangemi*, 13 F.4th at 134 (citing *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 398 (2d Cir. 2017)). Indeed, under 28 U.S.C. § 1367(a), "a district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." *Cohen*, 873 F.3d at 399. And as relevant here, a dismissal against the United States on sovereign immunity grounds is a jurisdictional dismissal under Rule 12(b)(1). *See Makarova*, 201 F.3d at 113 ("[t]he doctrine of sovereign

---

[5] To be clear, given that the crossclaims for indemnification and contribution asserted against Defendant USA by Defendants Fischer and Schmidt are premised on Defendant USA's liability to Plaintiff, they too are barred by the discretionary function exception, and cannot form the basis for subject matter jurisdiction. *See Simmons v. United States*, No. 20-CV-648 (RPK), 2020 WL 3430514, at *3 (E.D.N.Y. June 22, 2020) (concluding, following the dismissal of plaintiff's FTCA claim against the United States, that the co-defendant "did not create federal jurisdiction by asserting a cross-claim against the United States in his answer. Federal jurisdiction must be predicated on the allegations in the complaint").

11

immunity is jurisdictional in nature."); *see, e.g.*, *Cangemi*, 13 F. 4th at 134 (acknowledging that, had the plaintiff's faulty FTCA claim been "the only one[] purportedly giving rising to supplemental jurisdiction," the district court therefore would have been powerless to retain jurisdiction over [p]laintiff's state law claims"); *Bonebrake*, 2021 WL 4844717 at *1 (granting motion based on an application of the discretionary function exception, and dismissing claim pursuant to Fed. R. Civ. P. 12(b)(1)).[6] Accordingly, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Fischer and Schmidt, which must therefore be remanded to the Superior Court for the Judicial District of Litchfield, where they were initially filed.

**Conclusion**

For all of the above-discussed reasons, Defendant USA's Motion to Dismiss pursuant to Rule 12(b)(1) is **GRANTED**. Accordingly, the Clerk of Court is directed to enter judgment in favor of Defendant USA and remand this case to the Superior Court for the Judicial District of Litchfield, where it was originally filed.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of September 2025.

       /s/ Kari A. Dooley
       KARI A. DOOLEY
       UNITED STATES DISTRICT JUDGE

---

[6] In *Cangemi*, the Second Circuit concluded that the district court was not precluded from exercising supplemental jurisdiction over plaintiffs' state-law claims, because there was no *jurisdictional defect* with plaintiff's initial federal claims under 42 U.S.C. § 1983, which had been dismissed on statute of limitations grounds. In other words, in *Cangemi*, unlike here, there was a proper basis for original jurisdiction.